UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL "SOFIA" J. RAMIREZ,<br><br>                            Plaintiff,<br><br>vs.<br><br>A. MIRANDA (F), PLACENCIA (F), NIEVES (M),<br><br>                            Defendants. | Case No.: 3:20-cv-2280-DMS-AHG<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

      Plaintiff Samuel "Sofia" Ramirez, currently incarcerated at Robert J. Donovan State Prison ("RJD"), has filed a pro se civil rights action pursuant 42 U.S.C. Section 1983. (*See* ECF No. 1.)[1] Ramirez did not prepay the $400 civil filing fee required by 28 U.S.C. Section

///

---

[1] Because Plaintiff is transgender and identifies as female, the Court will use the pronouns "she," "her," and "hers."

1

1914(a) at the time of filing but has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a). (*See* ECF No. 2.)

## I.    Motion to Proceed in Forma Pauperis [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether her action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody

---

[2] For civil cases like this one, filed before December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $50 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The $50 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*. This administrative fee increased to $52 for civil cases filed on or after December 1, 2020, but that portion still does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).

of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of her IFP Motion, Ramirez has submitted a certified copy of her trust account statement [ECF No. 3] pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Ramirez's trust account activity, as well as the attached prison certificate verifying her available balances. *See* ECF No. 2, at 4-6. These documents show that Ramirez carried an average monthly balance of $5.22, average monthly deposits to her trust account for the six months preceding the filing of this action of $4.40, and an available balance of $8.14 at the time of filing. *See id*. at 1.

Therefore, the Court **GRANTS** Ramirez's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $1.04 pursuant to 28 U.S.C. Section 1915(b)(1). The Court further directs the Secretary for the CDCR, or their designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

/ / /

/ / /

/ / /

/ / /

## II. Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)

### A. Standard of Review

Because Ramirez is a prisoner and is proceeding IFP, her Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned,

///

the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Ramirez's Factual Allegations

Ramirez is a male-to-female transgender inmate. Compl. at 3. On February 7, 2020, Ramirez reported to her job assignment as a porter in the Enhanced Outpatient Program ("EOP"). *Id.* When Ramirez handed Defendant Nieves her "inmate assignment card," she alleges that Nieves looked her up and down in a "defensively, distastefully scrutinizing [manner]" and said, "We're going to have a problem." *Id.* at 3-4. When Ramirez asked Nieves what he meant, Nieves told her "Your kind is not wanted back here. How do you identify?" *Id.* at 4. Ramirez told Nieves she was transgender. *Id.* Nieves sighed, shook his head and then yelled at Ramirez to "go check in." *Id.*

When Ramirez arrived at the EOP work center she was met by Defendant Placencia. *Id.* at 5. According to Ramirez, Placencia "look[ed] [Ramirez] up and down [and] stated 'Oh! Hell no,'" told Ramirez that her "type of inmate" was not welcome, and informed Ramirez that she would not call her to work. *Id.* When Ramirez told Placencia she wanted to work, Nieves, who had followed Ramirez into the EOP work center, said, "Give him credit and sent it home." *Id.* Ramirez was crying as she was then escorted out. *Id.* She was given work credit for the day. *Id.*

Later that day, Ramirez was being transported with other transgender inmates to their therapy group. *Id.* at 6. Defendant Nieves told the group "We don't want you people . . . working back here with our real women! You're not coming back here!" *Id.* Nieves also told the group he had contacted Defendant Miranda to ask that she remove Ramirez and other transgender inmates from the EOP work assignment. *Id.* Ramirez was in fact removed from the EOP work assignment and reassigned to Facility C mental health as a porter. *Id.* at 6-7.

As a result of Defendants' actions, Ramirez has "received extensive psychiatric and psychological PTSD treatments for increased panic attacks – insomnia – physical/emotional instability – ideations with suicide[,] struggling with low self worth and

esteem and paranoia." *Id.* at 7. This has resulted in "increased medicating" of Ramirez. Ramirez claims the Defendants violated her Fourteenth Amendment right to Equal Protection. *Id.* at 10-12. She asks for regular and punitive damages. *Id.* at 20.

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a Plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Discussion

Ramirez alleges that the Defendants' refusal to permit her to work at EOP and their derogatory statements toward her violates the Equal Protection Clause of the Fourteenth Amendment. Compl. at 3-20. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799, (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982) and *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam). To establish an equal protection violation, a plaintiff must demonstrate "that the [challenged action], either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group." *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999). "Second, if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the two groups is justified." *Id.* (citation and quotations omitted). "The Ninth Circuit has

recognized that discrimination against an individual based on his or her transgender status is actionable under the Equal Protection Clause under an intermediate scrutiny standard." *Gonzales v. California Dept. of Corrections and Rehabilitation*, 2020 WL 1847491 (E.D. Cal. Apr. 13, 2020) (citing *Karnoski v. Trump*, 926 F.3d 1180, 1202 (9th Cir. 2019), report and recommendation adopted, 2020 WL 7388294 (E.D. Cal. Dec. 16, 2020).

The Court finds that Ramirez's complaint contains a plausible equal protection claim against the Defendants sufficient to survive the "low threshold" set to withstand the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *see also Vuz v. Dcss III, Inc.*, et al., 2020 WL 4366023 (S.D. Cal. July 30, 2020) (denying motion to dismiss equal protection claim against city and county where police segregated transgender arrestee from cisgender arrestees and post surgical transgender arrestees); *Crowder v. Diaz*, 2019 WL 3892300 (E.D. Cal. Aug. 19, 2020), report and recommendation adopted, 2019 WL 5566433 (E.D. Cal. Oct. 29, 2019) (denying motion to dismiss equal protection claim against defendant who denied plaintiff a job at the prison library based on plaintiff's transgender status); *McQueen v. Brown*, 2018 WL 1875631 (E.D. Cal. Apr. 19, 2018) (finding equal protection claim by transgender inmate who alleged she was being denied gender reassignment surgery survived screening), report and recommendation adopted, 2018 WL 2441713 (E.D. Cal. May 31, 2018); *Duronslet v. County of Los Angeles*, 266 F. Supp.3d 1213, 1221-23 (C.D. Cal. 2017) (denying motion to dismiss equal protection claim where county housed male-to-female transgender juvenile detainee with male detainees pursuant to county's police and practice which houses detainees according to the gender assigned to them at birth).

### III.    Conclusion and Orders

For the reasons explained, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $1.04 initial filing fee assessed, if those funds are available at

the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of her Complaint and the summons so that she may serve them upon Defendants.

5. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, include an address where each named Defendant may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying her IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). See 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has

a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

8.  **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document she seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated:  February 3, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court