1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11

12  SAMUEL "SOFIA" J. RAMIREZ,                 Case No.:  3:20-cv-02280-DMS-AHG

13                              Plaintiff,     **REPORT AND**
                                              **RECOMMENDATION REGARDING**
14  v.                                         **MOTION TO AMEND COMPLAINT**

15  A. MIRANDA, *et al.*,                      **[ECF No. 24]**

16                              Defendants.

17

18          This matter comes before the Court on Plaintiff's Motion for Leave to file an

19  Amended Complaint ("Motion to Amend") (ECF No. 24), which is before the undersigned

20  for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons that

21  follow, the undersigned recommends the Court **DENY** the motion **without prejudice** and

22  allow Plaintiff leave to submit a renewed Motion to Amend with a complete version of her

23  proposed First Amended Complaint for the Court's consideration.

24      **I.      BACKGROUND**

25          Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), filed her original

26  Complaint in this matter on November 20, 2020, bringing constitutional claims against

27  Defendants pursuant to 42 U.S.C. § 1983 based on events that Plaintiff alleges occurred at

28  the Richard J. Donovan Correctional Facility, where she is an inmate. ECF No. 1. The

1

1    Court granted Plaintiff's motion to proceed IFP on February 12, 2021, and ordered the

2    United States Marshals Service to effect service of the complaint on Defendants A.

3    Miranda, P. Plascencia, and R. Nieves, all of whom are employees of the California

4    Department of Corrections and Rehabilitation ("CDCR"). ECF No. 5. Defendants waived

5    service and later filed an Answer on June 10, 2021. ECF No. 12.

6        Plaintiff's Motion to Amend was accepted on discrepancy and formally filed on

7    October 19, 2021, although she was given a *nunc pro tunc* filing date of October 8, 2021,

8    because that is when the Court received the motion. ECF No. 24.

9        The Court set a briefing schedule on Plaintiff's Motion to Amend on

10   October 20, 2021, allowing Defendants to respond by October 27, 2021. ECF No. 25 at 2.

11   Defendants filed a response on October 25, 2021 (ECF No. 27), stating that they oppose

12   Plaintiff's request for leave to amend "on the grounds that the proposed amended complaint

13   appears to be incomplete, since the proposed motion does not include the first nine

14   paragraphs of the motion." *Id.* at 2; *see also* ECF No. 24 at 6. Defendants state that they do

15   not otherwise oppose Plaintiff's request to amend her Complaint, but ask that if leave to

16   amend is granted, the Court vacate the Scheduling Order to allow Defendants sufficient

17   time to file a motion challenging the First Amended Complaint ("FAC"). ECF No. 27 at 2-

18   3. Specifically, Defendants ask that they be granted at least thirty days to file a motion to

19   dismiss, from the date that service is ordered on the newly named Defendants Rutlige and

20   Ryer. *Id.* at 3.

21       Plaintiff's reply was due by November 15, 2021, but to date, the Court has not

22   received a reply from Plaintiff.

23   **II.    LEGAL STANDARD**

24       Although Plaintiff states in her motion that she seeks leave to amend her complaint

25   "as a matter of course" pursuant to Rule 15 of the Federal Rules of Civil Procedure, the

26   window of time for amendment as a matter of course has passed. *See* Fed. R. Civ. P.

27   15(a)(1)(B) (allowing amendment as a matter of course 21 days after service of a

28   responsive pleading, which in this case was served in June 2021). Therefore, Plaintiff must

obtain leave of Court to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2). Under that provision, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy for granting leave should "be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citations omitted). In determining whether to grant leave, a court considers "'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1161 (9th Cir. 2021) (quoting *Owens*, 244 F.3d at 712). In the absence of these factors, leave should be freely given. *Hall v. City of L.A.*, 697 F.3d 1059, 1072-73 (9th Cir. 2012) (citation omitted).

## III.   DISCUSSION

In her Motion to Amend, Plaintiff explains that she wishes to amend the Complaint to name two additional defendants: a correctional sergeant identified as "Rutlige," and another correctional sergeant identified as "Ryer." *See* ECF No. 24 at 4-5. Plaintiff also seeks to (1) remove "vague language" in her original complaint; (2) add additional facts to her complaint to support her claims against Rutlige and Ryer; and (3) add a claim for injunctive relief. ECF No. 24 at 1-2, 13.

Before addressing whether the Court should grant leave to amend, the undersigned will discuss the changes in Plaintiff's proposed FAC in more detail.

### A. **Plaintiff's Proposed Amendments**

When compared against the existing Complaint, it appears that ¶¶ 12-22 in the proposed FAC contain the new factual allegations that Plaintiff describes in her Motion to Amend, and chronologically should follow Paragraph 10 or 11 of the original Complaint.

To elucidate, Paragraph 10 of the proposed FAC alleges Defendant Nieves used a homophobic slur against Plaintiff and stated, "your kind is not wanted here." ECF No. 24 at 6. This allegation matches up with Paragraph 9 of the existing Complaint, in which Plaintiff alleges that Defendant Nieves stated, "Your kind is not wanted back here. How do you identify?" ECF No. 1 at 4.  Although the statements differ somewhat, it appears that Plaintiff is referring to the same exchange with Defendant Nieves in both paragraphs.

3:20-cv-02280-DMS-AHG

This impression is bolstered by the fact that in Paragraph 11 of the existing Complaint,[1] Plaintiff lists five fellow inmates who witnessed the interaction and "attempted to console plaintiff," which corresponds with Paragraph 11 of the FAC, stating that Defendant Nieves's statement "was made in front of at least six other witnesses. . . ."

The following 11 paragraphs of the proposed FAC (¶¶ 12-22) have no corollary in the existing Complaint. After these 11 paragraphs of new allegations, Paragraph 23 of the FAC then picks back up on the narrative continued in Paragraph 12 of the existing Complaint. *Compare* ECF No. 1 at 4 ¶ 12 ("Upon which, Defendant Nieves taking notice [of the prisoners who witnessed the interaction], sighed, aggressively shaking his head, barked, 'Go check in!' Nieves permitted Plaintiff to pass through onto the second gate to her work site") *with* ECF No. 24 at 6 ¶ 23 ("Defendant R. Nieves took notice of all the inmates and sighed and aggressively shook his head, and barked 'Go ahead and go check in.' The Defendant R. Nieves then allowed the Plaintiff to pass through [] onto the second security gate to her work site").

The new factual allegations in ¶¶ 12-22 of the FAC inform later additions regarding the nature of Plaintiff's claims. For instance, Plaintiff seeks to add a paragraph explaining the basis of her claims against proposed Defendants Rutlige and Ryer in ¶ 36, alleging that they "knew or should have known that as correctional sergeants it was [their] job duty to step in and put a stop to the conduct of the Defendants R. Nieves and P. Placencia. . . ." Moreover, although the remaining paragraphs (¶¶ 24-35 and 37-40)[2] of the proposed FAC

---

[1] Paragraph 10 of the original Complaint states: "I responded, 'I am a transgender, sir!' The Plaintiff by this time had tensed up, trembling and teared up." ECF No. 1 at 4 ¶ 10. In the FAC, Plaintiff does not recount the same response to Defendant Nieves's alleged comment in the paragraph that follows her description of the comment, instead alleging that she "started to tremble and cry with visible tears running down her face" in the same paragraph where she alleges Defendant Nieves used a homophobic slur against her and told her "your kind is not wanted here." ECF No. 24 at 6 ¶ 10.

[2] The Court notes that Plaintiff has mistakenly included two paragraphs numbered ¶ 25 in

1  correspond with the remaining paragraphs (¶¶ 23-31) of the existing Complaint, Plaintiff's

2  proposed FAC more fully fleshes out the grounds of her claims in the added final

3  paragraphs numbered ¶¶ 41-46. As stated in her Motion to Amend, Plaintiff also seeks to

4  add a new claim for injunctive relief. *Compare* ECF No. 24 at 13 *with* ECF No. 1 at 20.

5  **B.  Whether the Court Should Permit the Amendments**

6  As outlined above, a thorough review of the FAC against the existing Complaint

7  gives the undersigned the impression that Plaintiff seeks to add eleven new paragraphs of

8  factual allegations (¶¶ 12-22), one new paragraph related to Rutlige and Ryer's purported

9  liability for Plaintiff's claims (¶ 36), six new paragraphs that more clearly explain

10 Plaintiff's causes of action (¶¶ 41-46), and a new claim for injunctive relief. However, the

11 undersigned agrees with Defendants that Plaintiff's proposed FAC appears to be

12 incomplete. *See* ECF No. 24 at 6. The FAC contains Paragraphs numbered 10-46, and

13 begins in the middle of a sentence that is lacking a paragraph marker altogether ("identify

14 inmates that are transgender by their clothing, even at a distance."). Paragraphs 1-9 are

15 apparently missing.

16 Therefore, without the benefit of seeing the first nine paragraphs of the proposed

17 FAC, the undersigned cannot recommend that the Court grant Plaintiff leave to file the

18 FAC in its current state. Even if the Court assumes that Plaintiff merely intends to insert

19 the new proposed Paragraphs 10-46 after Paragraphs 1-9 of the existing Complaint, such a

20 piecemeal approach would create untenable confusion regarding what should be treated as

21 the operative pleading and is contrary to controlling law. *See, e.g.*, *Ramirez v. Cty. of San*

22 *Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that

23 an amended complaint supersedes the original, the latter being treated thereafter as non-

24 existent.") (internal quotations and citation omitted); *Ferdik v. Bonzelet*, 963 F.2d 1258,

25 1262 (9th Cir. 1992) ("[A]fter amendment the original pleading no longer performs any

26

27

28 the proposed FAC. ECF No. 24 at 7. When resubmitting her proposed FAC, Plaintiff should remedy that error.

5

3:20-cv-02280-DMS-AHG

function"). Moreover, even if the Court could piece together paragraphs 1-9 of the existing Complaint with paragraphs 10-46 of the proposed FAC, the fact that the proposed FAC begins in the middle of a sentence casts doubt on whether that was Plaintiff's intent in the first place.

Nonetheless, the Court should freely grant leave to amend, and Defendants do not otherwise oppose Plaintiff's request to amend her Complaint, provided that the Court vacates the existing case schedule if the request is granted. *See* ECF No. 27 at 2. For these reasons, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion to Amend (ECF No. 24) **without prejudice**, and grant Plaintiff 30 days to file a renewed motion to amend with a **complete** version of the proposed FAC attached thereto.

Plaintiff should be advised that any proposed amended complaint needs to include *all* factual allegations and causes of action she wishes to bring, because it will become the operative pleading if accepted. In other words, the original Complaint (and all allegations therein) will be "treated [] as non-existent" the moment an amended complaint is accepted for filing. *Ramirez*, 806 F.3d at 1008; *Ferdik*, 963 F.2d at 1262.

Because, if not for the incompleteness, Defendants do not otherwise oppose granting Plaintiff leave to amend the FAC, the undersigned recommends that Defendants be granted **10 days** to review any new proposed FAC submitted by Plaintiff to determine whether they oppose granting the renewed motion.

As for whether the Court should vacate the case schedule if the new proposed FAC is accepted for filing, that issue is raised prematurely. If Plaintiff files a new FAC, and if Defendants file a motion to dismiss the FAC, the Court will address any motion to stay the case schedule in light of the pending motion to dismiss at that time.

## IV.   CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's Motion to Amend (ECF No. 24) be **DENIED without prejudice**, and that Plaintiff be granted **30 days** to submit a renewed motion to amend with a **complete** version of the proposed FAC attached thereto.

1         Thereafter, the Court **RECOMMENDS** that Defendants be granted **10 days** to

2    review any renewed motion to amend the complaint and to file either an opposition or a

3    notice of non-opposition with the Court.

4         The court submits this Report and Recommendation to the United States District

5    Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). No later than

6    **December 2, 2021**, any party to this action may file written objections with the court and

7    serve a copy on all parties. The document should be captioned "Objections to Report and

8    Recommendation."

9         **IT IS SO ORDERED.**

10

11    Dated:  November 18, 2021

12    _____

                   Honorable Allison H. Goddard

13                       United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:20-cv-02280-DMS-AHG