UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL "SOFIA" J. RAMIREZ,<br><br>          Plaintiff,<br><br>v.<br><br>A. MIRANDA, *et al.*,<br><br>          Defendants. | Case No.:  3:20-cv-02280-LL-AHG<br><br>**REPORT AND RECOMMENDATION RECOMMENDING DENIAL OF RULE 41 MOTION TO DISMISS**<br><br>**[ECF No. 31]** |

This matter comes before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41, filed on March 25, 2022. ECF No. 31. After reviewing the motion, the undersigned hereby submits a Report and Recommendation regarding the motion to United States District Judge Linda Lopez pursuant to 28 U.S.C. § 636(b)(1).

For the reasons set forth below, the undersigned recommends the Court **DENY** the Motion to Dismiss.

**I.     BACKGROUND**

Plaintiff commenced this action on November 20, 2020, bringing claims against Defendants pursuant to 42 U.S.C. § 1983 based on events she alleges occurred at the Richard J. Donovan Correctional Facility, where she is an inmate. ECF No. 1.

The Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") on

February 12, 2021, and determined that Plaintiff's Complaint stated a plausible equal protection claim sufficient to survive the Court's *sua sponte* screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). ECF No. 5 at 1-7. Accordingly, the Court ordered the United States Marshals Service to effect service of the complaint on Defendants, all of whom are employees of the California Department of Corrections and Rehabilitation ("CDCR"). *Id.* at 7-9. Defendants waived service and later filed an Answer to the Complaint on June 10, 2021. ECF No. 12. The Court then held an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") on August 27, 2021, and issued a Scheduling Order the same day after the case did not settle at the ENE. ECF Nos. 21, 22.

On October 8, 2021, the Court received a Motion for Leave to File Am[e]nded Complaint (ECF No. 24) from Plaintiff, which was accepted on discrepancy on October 18, 2021 and filed *nunc pro tunc* to the date received. *See* ECF No. 23.

On November 18, 2021, the undersigned recommended that the Court deny Plaintiff's Motion to Amend her complaint without prejudice, but grant Plaintiff 30 days to submit a renewed motion to amend the complaint. ECF No. 28. After the objections period passed with no objections, the Court adopted the Report and Recommendation, denied Plaintiff's Motion to Amend (ECF No. 24), and granted Plaintiff 30 days—until January 4, 2022—to submit a renewed motion to amend with a complete proposed First Amended Complaint ("FAC") attached. ECF No. 29.

Plaintiff never renewed her motion to amend with a proposed FAC, and no activity has occurred in the case since, although the case schedule set forth in the operative Scheduling Order (ECF No. 22) remains in place. Defendants now move to dismiss this action pursuant to Fed. R. Civ. P. 41, on the grounds that Plaintiff has failed to prosecute the action. ECF No. 31.

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 41 provides that the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). A dismissal under the rule operates as an adjudication on the merits. *Id.* The

power to dismiss a case for failure to prosecute stems from trial courts' "inherent power to control their dockets[.]" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Nonetheless, a dismissal sanction for failure to prosecute is considered a harsh penalty, and should therefore "only be imposed in extreme circumstances." *Id.* (citations omitted).

"A failure to file an amended complaint by the deadline ordered by the Court or request a further extension of time to do so, despite being admonished of the consequences, evidences a lack of prosecution on [the p]laintiff's part." *Quarles v. Sniff*, Case No. EDCV 16-01234-MWF-JDE, 2017 WL 11634976, at *2 (C.D. Cal. Apr. 14, 2017), *report and recommendation adopted*, 2017 WL 11635007 (C.D. Cal. May 30, 2017) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962)). Therefore, pursuant to the Court's inherent power as codified in Rule 41(b), if the Court dismisses a complaint with leave to amend and the plaintiff "does not take advantage of the opportunity to fix his complaint," the Court "may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrerra*, 427 F.3d 1161, 1169 (9th Cir. 2005).

Due to the severity of a dismissal sanction, courts must weigh five factors when determining whether to dismiss a case for failure to comply with a court order or failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quotation omitted).

### III.  DISCUSSION

Defendants argue that application of the five factors above supports dismissal of Plaintiff's case. First, Defendants argue that the public's interest in expeditious resolution of the litigation favors dismissal, because Plaintiff's failure to renew her motion to file an amended complaint has "unnecessarily and unreasonably prolonged litigation of this matter." ECF No. 31 at 4. Specifically, Defendants contend that Plaintiff "chose to restart the litigation by seeking leave to file an amended complaint that included a new claim for relief and new factual allegations" while the action was being "actively litigated," but then

"declined to take any action to present a pleading that is consistent with the Court's orders for more than three months." *Id.* Defendants characterize Plaintiff's failure to file a renewed motion to file an amended complaint as "rescinding a pleading that was at issue and was being actively litigated[.]" *Id.*

Similarly, Defendants argue that the Court's need to manage its docket further favors dismissal, because, "[d]ue to Plaintiff's delay in filing an amended complaint, some dates in th[e] scheduling order have passed, and the schedule for the litigation of this matter will likely need to be reset and rescheduled." *Id.* at 5.

Defendants also argue that the third factor, risk of prejudice to Defendants, favors dismissal because two years have now passed since the underlying incident in the Complaint, which contains declarations of a number of inmate witnesses. Thus, "potential witnesses to the incident may be unable to recall details regarding the incident" and other witnesses "may have been transferred to other facilities," complicating Defendants' investigation of Plaintiffs' claims. *Id.*

Defendants next argue that the fourth factor—the public policy favoring disposition of cases on their merits—should not carry much weight in the Court's calculus here because, in short, Defendants do not think that Plaintiff's factual allegations are sufficient to state an equal protection claim, and the public has little interest in further litigation of a meritless claim. *Id.* at 7.

As to the final factor of whether less drastic sanctions are available, Defendants assert that Plaintiff's "prior disregard of the Court's orders" as reflected by her failure to submit a renewed motion for leave to amend by the court-ordered deadline "suggests that there are no lesser alternatives that could achieve resolution of this matter." *Id.* at 6.

Defendants apparently misunderstand the effect of the Court's order denying Plaintiff's motion to amend her complaint without prejudice. Plaintiff's original Complaint (ECF No. 1), which survived screening on initial review, remains the operative pleading in this case and was never dismissed by the Court. Nor did Plaintiff's motion to amend function as a "rescission" of the Complaint or "restart the litigation," as Defendants

contend. *See, e.g.*, *Lapina v. Gierlach*, No. CV 19-00452 LEK-KJM, 2021 WL 191635, at *2 (D. Haw. Jan. 19, 2021) (explaining that, where the plaintiff was granted leaved to file a third amended complaint but did not do so by the deadline, "the Second Amended Complaint remains the operative pleading."); *Namohala v. Maeda*, No. CIV. 11-00786 JMS, 2012 WL 3777151, at *1 n.4 (D. Haw. Aug. 29, 2012) (explaining that, where the plaintiff was granted leave to file a first amended complaint but did not do so by the deadline, "the operative pleading remains the original Complaint"). Indeed, the undersigned's Recommendation that Plaintiff's Motion to Amend Complaint be denied without prejudice relied heavily on the fact that Plaintiff's original Complaint would remain the operative pleading unless and until Plaintiff submitted a ***complete*** version of her proposed FAC. *See* ECF No. 28 at 5-6 (explaining that because the proposed FAC was incomplete, the Court could not piece together the new proposed Paragraphs 10-46 of the proposed FAC with Paragraphs 1-9 of the existing Complaint, and that "any proposed amended complaint . . . will become the operative pleading *if accepted*") (emphasis added).

While Defendants are correct that the Court granted Plaintiff leave to file a renewed motion to amend by a certain deadline, granting leave to file does not amount to a requirement to file. Therefore, Plaintiff's decision not to take advantage of the opportunity to file a renewed motion to file her proposed FAC does not amount to non-compliance with a court order under Rule 41(b) in the first place.

To be clear, the failure of a plaintiff to file an amended complaint by a court-ordered deadline would often warrant dismissal where, as a result of the failure, there is no operative complaint on file at all. *See, e.g.*, *Ferdik*, 963 F.2d at 1259-63 (upholding the district court's dismissal of a *pro se* plaintiff's case where the plaintiff failed to file a second amended complaint by the court-ordered deadline after his original complaint and first amended complaint were both dismissed for failure to state a claim); *Quarles*, 2017 WL 11634976, at *2 (recommending dismissal under Rule 41 where the plaintiff did not file an amended complaint after the Court dismissed the operative complaint on screening, leaving the case "in a limbo, without an operative pleading."). Such is not the case here, and

Defendants have made no showing that Plaintiff is responsible for any delay in the litigation. If Defendants have allowed deadlines in the Scheduling Order to pass without taking any action to meet them because they expected Plaintiff to move to amend her complaint once more, that was an error on their part and not Plaintiff's. Therefore, any prejudice to Defendants caused by allowing the discovery deadlines to pass without diligently pursuing the discovery they need is of their own making. Indeed, Defendants mention in their motion that they "responded to written discovery" after answering the allegations in the operative Complaint, indicating that Plaintiff has propounded discovery on Defendants. *See* ECF No. 31 at 4.

For the same reason, even if the Court were to find that Plaintiff did not comply with a court order or otherwise failed to prosecute this action under Rule 41(b), the factors concerning the public's interest in expeditious litigation and the Court's need to manage its docket do not weigh in Defendants' favor. Defendants lament that they may have difficulty locating witnesses to the underlying incident, and the witnesses may not remember details of the event. *Id.* at 5. But Plaintiff included the declarations of the witnesses at issue in her original Complaint, filed on November 20, 2020. ECF No. 1 at 16-17. Defendants do not explain why they made no effort to locate and/or depose these witnesses at any time before Plaintiff moved to amend her Complaint on October 19, 2021. After the Complaint survived screening on February 12, 2021, each Defendant submitted a waiver of service on May 7, 2021, and they filed an Answer on June 10, 2021. ECF Nos. 5, 7, 8, 9, 12. Additionally, the Court held the CMC and issued the Scheduling Order on August 27, 2021, more than seven weeks before Plaintiff moved to amend the Complaint. ECF Nos. 21, 22. Therefore, any delay in the litigation is not attributable to Plaintiff's decision not to file a renewed motion to amend her complaint, despite being granted leave to do so. Plaintiff's original Complaint remained operative and the case schedule was never stayed. Thus, none of the first three factors favors dismissal.

The fourth factor, which requires the Court to consider that public policy favors disposition of cases on their merits, "always weighs against dismissal[.]" *Johnson v.*

*Mehrabi*, No. 2:13-CV-01519-KJM-DB, 2017 WL 1093911, at *1 (E.D. Cal. Mar. 23, 2017), *aff'd*, 708 F. App'x 416 (9th Cir. 2017). That leaves the fifth factor of whether there are less drastic sanctions available.

With respect to the fifth factor, even if the Court agreed that Plaintiff's failure to file a renewed motion to amend by the deadline had delayed the case or restarted the litigation, dismissal would be too severe a sanction where, as here, Plaintiff has received no warning that failure to file to renew her motion to file an amended complaint might result in dismissal of her case. *See U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 605 (9th Cir. 1988) (explaining that, in addressing the fifth factor of the availability of less drastic sanctions, "we also look to whether the district court warned of the possibility of dismissal.") (citation omitted). Although "[a]n explicit warning is not always required," unless the case involves "egregious circumstances," the Court's failure to warn a litigant of the possibility of dismissal "may place the district court's order in serious jeopardy." *Id. See also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (collecting cases for the proposition that "[f]ailure to warn has frequently been a contributing factor in our decisions to reverse orders of dismissal."); *Thielwisemiller v. Eder*, No. 3:14-CV-00064-MMD, 2014 WL 5529382, at *2 (D. Nev. June 23, 2014), *report and recommendation adopted as modified*, 2014 WL 5514379 (D. Nev. Oct. 31, 2014) ("Before the court dismisses an action with prejudice for failure to prosecute, it must warn the plaintiff that he or she is risking dismissal") (citing *Mir v. Fosburg*, 706 F.2d 916, 919 (9th Cir. 1983) (finding the district court abused its discretion by dismissing the plaintiff's suit with prejudice under Rule 41 where the record showed no prejudice to the defendants and "the district court did not in any way warn plaintiff that his inaction risked dismissal of his suit.")). *But see Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining that, while "an express warning regarding the possibility of dismissal [may be] a prerequisite to a Rule 41(b) dismissal" where the Court dismisses an action *sua sponte*, "there is no warning requirement when dismissal follows a noticed motion under Rule 41(b).").

Therefore, if the Court disagrees with the recommended finding herein that Plaintiff has not failed to prosecute the action, and is inclined to find that Plaintiff has delayed the litigation by failing to file a renewed motion to amend her complaint, the undersigned would nonetheless recommend that Defendants' motion be denied due to the lack of any warning to Plaintiff that failure to file an amended complaint might result in dismissal of her case.

### IV.   CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 31) be **DENIED**.

The court submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). No later than **April 25, 2022**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS SO ORDERED.**

Dated:  April 11, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge